UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| FRANK BRAMANTE and<br>SALVATORE BRAMANTE,<br><br>  Plaintiffs,<br>v.<br><br>DOUGLAS A. MCCLAIN, SR.,<br>DOUGLAS A. MCCLAIN, JR.,<br>SW ARGYLL INVESTMENTS, LLC,<br>YELLOW JACKET MANAGEMENT<br>  COMPANY,<br>ARGYLL EQUITIES, LLC,<br>F.I.T. MANAGEMENT, LLC a/k/a<br>F.I.T. MANAGEMENT GROUP, LLC,<br>F.I.T. HOLDINGS, LTD.,<br>B.V.I. OFFSHORE FUND,<br>THE FIT GROUP, INC.,<br>THE ARGYLL GROUP, LLC,<br>F.I.T. EQUITIES, LLC,<br>F.I.T. INVESTMENTS, LLC,<br>F.I.T. CAPITAL, LLC,<br>ARGYLL MANAGEMENT, LLC,<br>ARGYLL ENERGY, LLC,<br>ARGYLL INVESTMENT, LLC,<br>THE F.I.T. GROUP, a Texas Limited<br>  Liability Company,<br>ARGYLL BIOTECHNOLOGIES, LLC,<br>and DEBRA A. MCCLAIN,<br><br>  Defendants,<br><br>and<br><br>FIRST LONDON n/k/a<br>FIRST SOUTHWEST COMPANY,<br><br>  Trustee. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO.<br><br>SA-06-CA-0010 WWJ |

**ORDER GRANTING MOTION TO COMPEL**

This order addresses the motion to compel filed by defendant Debra McClain (docket

entry # 105). The motion was referred to me by the district judge.[1] After considering the motion and the parties' arguments, I grant the motion.

## Factual Background

Frank and Salvatore Bramante have sued Debra McClain (Mrs. McClain) and several other defendants for the fraudulent transfer of assets. The Bramantes allege that Mrs. McClain's husband, Douglas A. McClain, Sr. (McClain, Sr.)—also a defendant in this lawsuit—transferred assets to his wife and to the other defendants in this lawsuit to avoid payment of a judgment. The judgment was entered in a different lawsuit against McClain, Sr., and others not part of this lawsuit. The Bramantes allege that the fraudulent transfers violated the Texas Fraudulent Transfer Act.

## Mrs. McClain's Motion to Compel

In her motion, Mrs. McClain asked the Court to compel the Bramantes to respond to her interrogatories. Mrs. McClain explained that her interrogatories ask certain basic questions fundamental to her defense of allegations made against her in the Bramantes's Fourth Amended Complaint. She complained that the Bramantes responded by objecting on grounds of attorney-client privilege and stating that they have no access to documentation that would enable them to answer because of an overly-broad classification under the protective order.

The Bramantes responded and characterized the motion to compel as an attempt to obtain attorney work product. They stated that their attorneys should not be compelled to "digest the documents, produced by Defendants and third parties, and the deposition testimony in this matter for Defendant Debra McClain." The Bramantes asserted that they "have no personal knowledge

---

[1]*See* docket entry # 134.

as to where, when and to whom the Defendants are transferring money." They further asserted that they cannot more completely answer Mrs. McClain's interrogatories.

The Bramantes relied on the attorney work product privilege in their response to Mrs. McClain's motion to compel, but they asserted the attorney-client privilege in their response to Mrs. McClain's interrogatories. The party asserting the attorney-client privilege bears the burden of demonstrating that the information sought is privileged.[2] When a party withholds information from discovery by claiming that it is privileged, he must invoke the privilege with specificity.[3] A party invoking the attorney-client privilege must show that the withheld communication was made in confidence for the purpose of obtaining legal advice from the lawyer and that the privilege has not been waived.[4] The Bramantes have not made this showing.

In response to Mrs. McClain's interrogatories, the Bramantes answered, "Plaintiffs object to the extent the information requested is covered by the attorney/client privilege." They did not address the attorney-client privilege at all in their response to the motion to compel. The

---

[2] *See In re Santa Fe Int'l Corp.*, 272 F.3d 705, 710 (5th Cir. 2001)("A party asserting a privilege exemption from discovery bears the burden of demonstrating its applicability."); *United States v. Miller*, 660 F.2d 563, 570 (5th Cir. 1981) (stating that it is well established that the party asserting the attorney-client privilege has the burden of proof). *See also Hodges, Grant & Kaufmann v. Dep't of the Treasury*, 768 F.2d 719, 721 (5th Cir. 1985) ("The burden of establishing that a document is work product is on the party who asserts the claim. . . .").

[3] FED. R. CIV. P. 26(b)(5) ("When a party withholds information otherwise discoverable . . . by claiming that it is privileged . . . , the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection."); *United States v. El Paso Co.*, 682 F.2d 530, 539 (5th Cir. 1982) (stating that the attorney-client privilege must be asserted with respect to particular documents).

[4] *See El Paso Co.*, 682 F.2d at 538.

Bramantes failed to particularize their assertion of privilege and prove their case to any specific document. Instead, they made a blanket assertion of privilege as to all documents supporting their allegations of fraudulent transfers. The "attorney-client privilege may not be tossed as a blanket over an undifferentiated group of documents." Blanket assertions "disable the court and the adversary party from testing the merits of the claim of privilege."[5] Because the Bramantes have not made the required particularized showing, their response is insufficient to resist Mrs. McClain's motion to compel.

There is another reason the Bramantes's response is insufficient. In addition to asserting the attorney-client privilege, the Bramantes answered, "As a result of the Protective Order entered and the overly broad classification of all documents produced by defendant as "confidential", Plaintiffs have no access to documentation which would allow them to form their own opinions, excluding those of counsel, with regard to this matter." This response suggests that Bramantes's attorneys have "confidential information" they could use to respond to Mrs. McClain's interrogatories, but that the protective order prevents them from accessing that information. The protective order, however, permits disclosure of "confidential information" to "qualified persons."[6] A party is a "qualified person" under the protective order.[7] As the plaintiffs, the Bramantes are parties and entitled to view confidential materials. Thus, the protective order does not prevent the Bramantes from responding to Mrs. McClain's interrogatories.

---

[5]*El Paso Co.*, 682 F.2d at 541.

[6]*See* ¶ 6(a) of Protective Order (docket entry # 59).

[7]*See id*. at ¶ 3(c).

Notably, the Branmantes's fifth amended complaint suggests that they have information responsive to Mrs. McClain's interrogatories. At the time Mrs. McClain filed her motion to compel, the Bramantes's complaint—the fourth amended complaint—contained few details about the transactions the Bramantes attribute to Mrs. McClain.[8] Since the motion was filed, the Bramantes amended their complaint and alleged 21 specific wire transfers they attribute to Mrs. McClain.[9] The Bramantes asserted in their response to the motion to compel that their attorneys should not be compelled to "digest" information obtained through discovery. This assertion suggests that the Bramantes's attorneys obtained the information needed to respond to Mrs. McClain's interrogatories, but that it would be burdensome to respond. The Bramantes, however, have not indicated that the interrogatories are burdensome.

There is a third reason the Bramantes's answers to two of Mrs. McClain's interrogatories are insufficient. In response to Interrogatory Nos. 7 and 13, the Bramantes also answered that they object "to the extent the information requested calls for a legal conclusion." Rather than seek a legal conclusion, those interrogatories seek specific information about the Bramantes's claims.[10] Mrs. McClain cannot defend herself if she does not know the specifics of the Bramantes's claims. The Bramantes's response to the motion to compel does not explain why

---

[8]*See* Fourth Amended Complaint (docket entry # 72).

[9]*See* Fifth Amended Complaint (docket entry # 124).

[10]Interrogatory No. 7 asks, "Do you contend that the payments to Debra McClain described in paragraph 38 of the complaint were community property funds at the time they were deposited into Debra McClain's Bank Account? If you so contend, please state each and every reason you contend such payments were not community property." Interrogatory No. 13 asks, "Do you contend that Debra McClain is liable to you for her own tortuous conduct? If so, please state what conduct and what amounts."

they believe those two interrogatories call for legal conclusions.

## Conclusion

The Bramantes have failed to meet their burden to show that the information sought by Mrs. McClain's interrogatories is protected by the attorney-client or that the protective order prevents them from answering the interrogatories. They have also failed to show that Interrogatory Nos. 7 and 13 call for a legal conclusion. Consequently, I GRANT the motion to compel (docket entry # 105) and ORDER the Bramantes to answer Mrs. McClain's interrogatories by January 22, 2007.

**SIGNED** on January 8, 2007.

_____
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE