UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| FRANK BRAMANTE and SALVATORE BRAMANTE, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. |
| DOUGLAS A. MCCLAIN, SR., | § | |
| DOUGLAS A. MCCLAIN, JR., | § | SA-06-CA-0010 OG (NN) |
| SW ARGYLL INVESTMENTS, LLC, | § | |
| YELLOW JACKET MANAGEMENT COMPANY, | § § | |
| F.I.T. MANAGEMENT, LLC a/k/a F.I.T. MANAGEMENT GROUP, LLC, | § § | |
| F.I.T. HOLDINGS, LTD., | § | |
| B.V.I. OFFSHORE FUND, | § | |
| THE FIT GROUP, INC., | § | |
| THE ARGYLL GROUP, LLC, | § | |
| F.I.T. EQUITIES, LLC, | § | |
| F.I.T. INVESTMENTS, LLC, | § | |
| F.I.T. CAPITAL, LLC, | § | |
| ARGYLL MANAGEMENT, LLC, | § | |
| ARGYLL CAPITAL, LLC, | § | |
| ARGYLL ENERGY, LLC, | § | |
| ARGYLL INVESTMENT, LLC, | § | |
| THE F.I.T. GROUP, a Texas Limited Liability Company, | § § | |
| ARGYLL BIOTECHNOLOGIES, LLC, | § | |
| ARGYLL EQUITIES, LLC, | § | |
| PADMORE HOLDINGS, LTD., | § | |
| and DEBRA A. MCCLAIN, | § § | |
| Defendants, | § § | |
| and | § § | |
| FIRST SOUTHWEST COMPANY, | § § | |
| Trustee. | § | |

**ORDER ON MOTION TO DISSOLVE PREJUDGMENT ATTACHMENT (# 162)**

The matter before the court is defendant Argyll Entities's motion to dissolve the prejudgment writ of attachment.[1] In the motion, Argyll Entities (Argyll) asked the court to dissolve the prejudgment writ of attachment entered by the Honorable Wayne Justice on August 21, 2006.[2] That writ attached all assets held by First Southwest Company for the benefit of defendants Douglas A. McClain, Sr., Douglas A. McClain, Jr., Argyll and F.I.T. Management, L.L.C., to the extent of the $4,544,969.00 judgment at issue in this case.[3] In its motion, Argyll explained that Judge Justice attached the assets at an early stage of this litigation, based on the limited access to information which the plaintiffs had up until the point the writ was issued. Argyll explained that since that time, the plaintiffs amended their complaint, alleging liability based on alter ego (reverse-piercing), partnership, joint enterprise, fraudulent transfers, and conspiracy. Because it maintained that the plaintiffs cannot prevail on these theories, Argyll argued that the court should dissolve the writ and release Argyll's assets.

Argyll's arguments for dissolving the writ are the same essential arguments advanced in its motion for summary judgment.[4] After considering that motion, the court determined that the plaintiffs had presented sufficient summary-judgment evidence to survive summary judgment on their claims based on alter ego, partnership, joint enterprise, and fraudulent transfers, and that

---

[1]Docket entry # 162.

[2]Docket entry # 64.

[3]Since that time, the Honorable Orlando Garcia released a sum certain as a part of an effort to resolve this dispute without trial. *See* docket entry # 418.

[4]Docket entry # 160.

Texas law provides a basis for the plaintiffs' conspiracy claim.[5]  Because fact issues exist and because Texas law provides a basis for the plaintiffs' conspiracy claim, it is not appropriate to dissolve the writ.  The motion to dissolve the writ is DENIED (docket entry # 162).

   **SIGNED** on February 25, 2008.

                                             _____
                                             NANCY STEIN NOWAK
                                             UNITED STATES MAGISTRATE JUDGE

---

[5]Docket entry #s 400 & 404.